T.C. Summary Opinion 2008-145

UNITED STATES TAX COURT

BETTIE J. INGRAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17966-05S.                    Filed November 19, 2008.


Bettie J. Ingram, pro se.

<u>Lynette Mayfield</u>, for respondent.


WELLS, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect

at the time the petition was filed.[1]  Pursuant to section

7463(b), the decision to be entered is not reviewable by any

_____

[1]All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,340 in petitioner's Federal income tax for 2004.  The issues we must decide are: (1) Whether petitioner is entitled to two dependency exemption deductions for her minor grandnephew and adult nephew; (2) whether petitioner is entitled to claim the earned income credit as an individual with two qualifying children; and (3) whether petitioner is entitled to claim the child tax credit and the additional child tax credit.

## Background

At the time of filing the petition, petitioner resided in Tennessee.

On or about April 15, 2005, petitioner electronically filed a Form 1040, U.S. Individual Income Tax Return, for taxable year 2004.

DLH,[2] petitioner's grandnephew, was born in 2000, and Donnell Hardin, petitioner's nephew, was born in 1978.  During 2004, petitioner lived with Roger Wooten and they shared household expenses equally.  During 2004, petitioner's mother took DLH to medical appointments and picked up prescriptions for

---

[2]The Court refers to minor children by their initials.  See Rule 27(a)(3).

DLH using petitioner's mother's address for medical treatment and pharmacy purposes.

Discussion

Dependency Exemptions

Section 151(c)(1) provides that an exemption is allowed for each person who is a dependent of a taxpayer if the following requirements are met:  (a) The individual for whom an exemption is claimed is a dependent (as defined in section 152(a)), which includes a son, daughter, stepson, stepdaughter, sibling, parent or other ancestor, stepparent, niece, nephew, aunt, uncle, certain relatives-in-law, or an individual other than the taxpayer's spouse, who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household; (b) over one-half of the individual's support for the taxable year is received from the taxpayer; and (c) the individual's gross income is less than the exemption amount or the individual is the taxpayer's child who is younger than age 19 or is a student younger than age 24.

To be entitled to a dependency exemption deduction, a taxpayer must establish the total support costs expended on behalf of the claimed dependent from all sources for the year, and must demonstrate that the taxpayer has provided over one-half of that amount. Daya v. Commissioner, T.C. Memo. 2000-360; sec. 1.152-1(a)(2)(I), Income Tax Regs.

Although Donnell Hardin is petitioner's nephew, petitioner has not offered credible evidence establishing that DLH resided with her during 2004. Petitioner offered no credible evidence from contemporaneous sources of the address of DLH for 2004. Petitioner has failed to establish and take into account the full amount of income from all sources into her household for 2004 and the expenditure from those sources and thus is unable to establish whether or not any amounts of support provided by her during 2004 constituted more than one-half of the support for the claimed dependents. On the basis of the record in the instant case, we hold that petitioner has not shown that she is entitled to a dependency exemption deduction for DLH or Donnell Hardin for taxable year 2004.

Earned Income Credit

On her 2004 return petitioner claimed an earned income credit based on DLH as a qualifying child. Section 32(c)(1)(A) provides that, for purposes of qualifying for the earned income credit, an "eligible individual", with certain exceptions not applicable in the instant case, is an individual who has a "qualifying child" for the taxable year.

A qualifying child is defined as an individual's child, stepchild, sibling, stepsibling, a descendant of any of those individuals, or an eligible foster child (placed with the individual by an authorized agency) whom the individual cares for

as their own child; who is under the age of 19; and who has the same principal place of abode as the individual for more than one-half of the taxable year. Sec. 32(c)(3). The age test and relationship test are not in dispute. However, petitioner has not produced credible evidence that DLH resided with petitioner for more than one-half of taxable year 2004. On the basis of the record in the instant case, we hold that petitioner has not shown that she is entitled to the earned income credit for taxable year 2004.

Child Tax Credit

Subject to limitations based on adjusted gross income, a taxpayer is entitled to a child tax credit with regard to each qualifying child of the taxpayer. Sec. 24(a). A qualifying child for purposes of the child tax credit is a child: (a) For whom the taxpayer is entitled to a deduction for a dependency exemption; (b) who is under the age of 17; and (c) who bears a relationship to the taxpayer as set forth in section 32(c)(3)(B). Sec. 24(c). The age and relationship tests are not in dispute in the instant case. However, as petitioner has not shown that she is entitled to a dependency exemption deduction with regard to DLH, petitioner is not entitled to the child tax credit on the basis of him being a qualifying child.

Consequently, we hold that petitioner has failed to establish that she is entitled to the child tax credit for taxable year 2004.

We have considered all of the parties' arguments and contentions, and to the extent they are not discussed in this opinion, we conclude that they are without merit, irrelevant, or unnecessary to reach.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.